# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY  FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6840 | **DATE** | 11-29-2010 |
| **CASE TITLE** | Doiakah S Gray (#K-70373) vs. Partha Gosh, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted.  The trust fund officer at Plaintiff's place of incarceration shall deduct $9.13 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and shall continue making monthly deductions in accordance with this order.  The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center.  The Clerk is directed to issue summonses for service on Defendants by the Marshal.  The clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.  Plaintiff's motion for appointment of counsel [4] is denied.

■ **[For further details see text below.]**                                        Docketing to mail notices.

## STATEMENT

     Plaintiff, a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants, two health care providers at the Stateville Correctional Center, violated his constitutional rights by acting with deliberate indifference to his serious medical needs.  More specifically, Plaintiff alleges that, for over a year, Defendants denied him prescribed medication for a chronic stomach ailment, thereby causing unnecessary pain and suffering.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.13.  The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn Street, Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the court finds that Plaintiff has articulated a colorable federal cause of action against the defendants. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" or by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *See Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, while a more fully developed record may defeat Plaintiff's allegations, Defendants must respond to the complaint.

The clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The Marshal is directed to make all reasonable efforts to serve Defendants. If either defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on behalf of the defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, ___ F.3d ___ , 2010 WL 3155926, *4 (7th Cir. Aug. 11, 2010). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a *pro se* litigant submits a request

**(CONTINUED)**

for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *See id*. at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *See id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *See id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case at this time. Although the complaint sets forth viable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, an experienced litigator whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. Therefore, Plaintiff's motion for appointment of counsel is denied at this time, without prejudice to Plaintiff renewing his motion should the case proceed to a point that assistance of counsel is appropriate.